**Tass SACKO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0382–ag.

United States Court of Appeals, Second Circuit.

March 1, 2007.

Matthew J. Harris, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Edward Scarvalone, Sarah S. Normand, Assistant United States Attorneys, New York, NY, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

**32**

### SUMMARY ORDER

Tass Sacko, a citizen of the Republic of Congo, seeks review of a December 28, 2005 order of the BIA affirming immigration judge ("IJ") Adam Opaciuch's July 22, 2004 decision denying Sacko's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tass Sacko,* No. A96 267 228 (B.I.A. Dec. 28, 2005) *aff'g* No. A96 267 228 (Immigr. Ct. N.Y. City July 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir. 2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

█ Here, the IJ was reasonable in relying on the inconsistencies regarding the dates, sequence, and details of Sacko's two alleged militia attacks, as they form the central elements of Sacko's claims of persecution. *Secaida–Rosales,* 331 F.3d at 308–09. A reasonable adjudicator would not have been compelled to accept Sacko's explanation that someone made a mistake in preparing his application, and the IJ was thus reasonable in rejecting it. *See Majidi,* 430 F.3d at 80–81. Thus, these inconsistencies were an appropriate basis for the negative credibility finding.

█ The agency's adverse credibility determination is thus supported by substantial evidence in the record, and its denial of asylum was appropriate. Because the only evidence of a threat to Sacko's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Because Sacko's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the agency's denial of CAT relief based on his lack of credibility was also appropriate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).